IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FHL, INC., and CHRISTOPHER YANNON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | CASE NO. 2:13-cv-555-MEF |
| v. | ) ) | (WO - Do Not Publish) |
| HARRY JAMES WALKER, and CLIFFORD CLEVELAND, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs FHL, Inc. ("FHL") and Christopher Yannon ("Yannon") (collectively, "Plaintiffs") filed their complaint against Defendants Harry James Walker ("Walker") and Clifford Cleveland ("Cleveland") (collectively, "Defendants") on August 5, 2013. (Doc. #1.) The complaint asserts three claims against Defendants. The first claim seeks a preliminary and permanent injunction, the second claim seeks a declaratory judgment, and the third claim seeks an accounting. (Doc. #1.) All of these claims arise out of Defendants' involvement with FHL and the handling of FHL's investments and management.

The complaint alleges that the Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332, which is the diversity statute.[1] (Doc. #1, ¶ 5.) Specifically,

---

[1] Plaintiffs also assert that the Court has subject-matter jurisdiction over this action pursuant to the Declaratory Judgment Action, 28 U.S.C. § 2201. However, this statute alone does not provide an independent basis for federal subject-matter jurisdiction, but rather only establishes a separate remedy available in cases where jurisdiction otherwise exists. *See Seibert v. Baptist*, 594 F.2d 423, 428 (5th Cir. 1979); *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30,

Plaintiffs allege that FHL is "a corporation, incorporated in the Republic of Panama with a business address of Dorado Mall Building, Primer Alto, Suites 26 and 27 Bethania, Panama City, Republic of Panama," that Yannon is a "resident" of Florida, and that Walker and Cleveland are "residents" of Alabama.  (Doc. #1, ¶¶ 1–4.)

Now before the Court is a Motion to Dismiss and Memorandum of Law in Support (Doc. #10) filed by Cleveland on September 4, 2013.  Cleveland argues therein that this entire action is due to be dismissed because the Court lacks diversity jurisdiction.  (Doc. #10.)  Specifically, Cleveland argues that FHL's principal place of business, or its "nerve center," is in Alabama, and, therefore, complete diversity between the parties is lacking.  (Doc. #10.)  FHL, on the other hand, argues that its principal place of business or "nerve center" is in Florida, and, therefore, this Court has diversity jurisdiction.  (Doc. #16.)  Both parties have submitted affidavits in support of their respective positions.  (Docs. #10, 16-1.)

After reviewing the complaint, Cleveland's motion, and the parties' arguments, the Court does not find it necessary, at least at this time, to resolve the issue of whether FHL's principal place of business or "nerve center" is in Alabama or Florida.  That is because Plaintiffs' complaint fails to set forth the basic allegations needed to establish diversity jurisdiction.  Under § 1332, a corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  *E.g., Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005) (citing 28 U.S.C. §

---

1981).

1332).  However, Plaintiffs do not allege where FHL's principal place of business is.  All Plaintiffs allege is that "FHL, Inc. is a Panamanian company qualified to do business in Alabama" and that its *business address* is in Panama.  (Doc. #1, ¶¶ 1, 7.)  While the parties suggest in their briefs on Cleveland's motion to dismiss that FHL's principal place of business is located in either Alabama or Florida, this does not obviate the fact that no such allegations are contained in the complaint.

Moreover, even if Plaintiffs had alleged FHL's principal place, or the affidavits submitted on Cleveland's motion to dismiss established that,[2] diversity jurisdiction is still lacking because Plaintiffs have only alleged the residencies of Yannon, Walker, and Cleveland, as opposed to their citizenship.  (Doc. #1, ¶¶ 2–4.)  For diversity purposes, citizenship means domicile; mere residence in a State is not sufficient.  *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").  Thus, the allegations that Yannon is "a resident of Florida," Walker is "a resident of Montgomery, Alabama," and Cleveland is "a resident of Prattville, Alabama" are insufficient to establish diversity between the parties.

Accordingly, it is hereby ORDERED that Plaintiffs FHL and Yannon shall file an amended complaint within fourteen (14) days from the entry of this Memorandum Opinion

---

[2] Factual attacks challenge the existence of subject matter jurisdiction in fact, regardless of the pleadings.  Where there is a factual challenge to jurisdiction, as Cleveland makes here, matters outside the pleadings, such as affidavits and testimony, may also be considered.  *Vision Bank v. Dynamicair, Inc.*, 2011 WL 1475939, at *1 (S.D. Ala. Mar. 30, 2011) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)).

and Order properly setting forth the subject-matter jurisdiction of the Court, including diversity jurisdiction and, in addition, whether the claims in this action should be pursued directly or derivatively.  It is further ORDERED that Cleveland's Motion to Dismiss (Doc. #10) is DENIED with LEAVE TO REFILE following the filing of Plaintiffs' amended complaint.  Finally, Plaintiffs are hereby advised that if they fail to timely file an amended complaint in compliance with this Memorandum Opinion and Order, this matter will be dismissed without prejudice for lack of subject-matter jurisdiction.

DONE this the 14th of March, 2014.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE