IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
FHL, INC. and CHRISTOPHER   )
YANNON,                     )
                            )
    Plaintiffs,             )
                            )       CIVIL ACTION NO.
    v.                      )         2:13cv555-MHT
                            )              (WO)
HARRY JAMES WALKER,         )
                            )
    Defendant.              )
```

OPINION AND ORDER

Plaintiffs FHL, Inc. and Christopher Yannon filed this case against defendant Harry James Walker seeking injunctive relief, a declaratory judgment, and an accounting to address Walker's alleged misrepresentations and misappropriation of money Yannon and others invested in FHL.  Jurisdiction is proper under 28 U.S.C. § 1332 (diversity).  This cause is now before the court on plaintiffs' motion for entry of default pursuant to Federal Rule of Civil Procedure 55(a).  For the following reasons, the motion will be granted.

# I. BACKGROUND

Plaintiffs filed a complaint against Walker and others in August of 2013. The next month, after unsuccessfully attempting to serve Walker by other methods, plaintiffs had Walker personally served with a summons and copy of the complaint. See Return of Service (doc. no. 15). Walker then filed a pro se answer to the complaint, in which he generally denied all substantive allegations, and included his (presumably then-current) address.

On March 14, 2014, the court issued a memorandum opinion and order requiring that the plaintiffs file an amended complaint. However, sometime before issuance of this opinion, Walker apparently moved without informing the court of his new address; the copy of the opinion mailed to him was returned by the post office as undeliverable, with a notation indicating that he had moved and not left a forwarding address. See CM/ECF Docket Entry on August 18, 2014. Almost all of the court's correspondence to Walker has been returned

undeliverable as well.[1]  See CM/ECF Docket Entries at August 11 and 25, September 8 and 22, October 23, and December 1, 2014, and January 11, 2016.

On March 27, 2014, plaintiffs filed an amended complaint and served a copy of it on Walker via mail to the address he had provided the court in his answer. See Certificate of Service (doc. no. 21) at 12.  This correspondence was likewise returned as undeliverable with a notation indicating that he moved and had not left a forwarding address.  See Affidavit of Christopher Yannon (doc. no. 38-1) at 4.  (Indeed, all of the documents plaintiffs have served Walker by mail have been returned as undeliverable.  See id.)  Walker never answered the amended complaint.

In September 2014, the court held a hearing, which Walker did not attend.  After the hearing, plaintiff

---

1. Two court orders entered on December 2, 2015 (doc. no. 36), and December 22, 2015 (doc. no. 40), were not returned to the court as undeliverable. However, it appears that Walker's address is still not valid, for the court's January 5, 2016, order (doc. no. 41) was returned as undeliverable.  See CM/ECF Docket Entry at January 11, 2016.

3

Yannon hired a private investigator to find Walker, but the private investigator did not succeed. See Affidavit of Christopher Yannon (doc. no. 38-1) at 5.

On December 16, 2015, plaintiffs filed a request that the clerk of court enter default and a default judgment against Walker in the amount of $ 100,000 for Yannon and $ 350,000 for FHL. The clerk declined to grant the request, as Walker had filed an answer. See CM/ECF Docket Entry at December 21, 2015 ("Clerk will not enter a default pursuant to the Request for Entry of Default [Doc. 3] as the defendant Harry James Walker filed an Answer [Doc. 18]. All correspondence after that was returned undelivered. (dph)"). This court then construed the plaintiffs' request as a motion for entry of default and default judgment and ordered Walker to show cause why the motion should not be granted. See Order (doc. no. 41). The time to respond has come and gone, with no response from Walker.

4

## II. ANALYSIS

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[2]

The clerk declined to enter default, so the question arises as to whether the court itself may enter default. "Despite the Rule's explicit statement that the ministerial act of entering a party's default on the record of the case 'must' be accomplished by 'the clerk,' courts and commentators alike have held that a <u>court</u> also may enter a party's default." <u>Liberty Mut. Ins. Co. v. Fleet Force, Inc.</u>, No. CV-09-S-773-NW, 2013 WL 3357167, at *1 (N.D. Ala. July

---

[2]. Walker's pro se status does not excuse him from application of Rule 55. Although a pro se litigant's pleadings are not held to the same standard as those filed by an attorney, a pro se litigant is not exempt from Rule 55. <u>See</u>, <u>e.g.</u>, <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

1, 2013) (Smith, J.).  In other words, "[t]he fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so."  10A Charles Alan Wright et al., Federal Practice and Procedure § 2682, at 19 (3d ed. 1998) (citing cases).  This court is, therefore, authorized to consider the motion and enter default if warranted.

"Rule 55(a) mandates the entry of default so that 'the adversary process [will not be] halted because of an essentially unresponsive party.'"  Perez v. Wells Fargo N.A., 774 F.3d 1329, 1337 (11th Cir. 2014) (citation omitted).  Rule 55(a) allows entry of default where a defendant has "failed to plead or otherwise defend."  While the majority of courts interpret "otherwise defend" broadly, see Liberty Mut. Ins. Co., 2013 WL 3357167 at *6 (citing cases), in the Eleventh Circuit that phrase refers only "to attacks on the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits."  Bass v.

Hoagland, 172 F.2d 205, 210 (5th Cir. 1949).[3]  "In short, an entry of default is permitted when a party fails to plead (e.g., by not answering) or file a responsive motion (e.g., a motion to dismiss) ... ." Liberty Mut. Ins. Co., 2013 WL 3357167 at *7.  But cf. Tara Prods., Inc. v. Hollywood Gadgets, Inc., 449 F. App'x 908, 910 (11th Cir. 2011) (upholding entry of default based not only on defendant's failure to answer amended complaint, but also due to "his failure to respond to the district court's orders and 'to cooperate in good faith with Plaintiff'").

As discussed above, while Walker filed an answer to the original complaint, he has not filed an answer or any other response to the amended complaint, which was filed almost two years ago.  Walker was required to file an answer or other response to the amended complaint within 14 days of its service.  See Fed. R. Civ. P. 15(a)(3) ("Unless the court orders otherwise,

---

    3. In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit Court of Appeals adopted as binding all Fifth Circuit precedent prior to October 1, 1981.

any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.") The amended complaint was properly served upon him by mail in accordance with Federal Rule of Civil Procedure 5; under that rule, service was complete on the day of mailing. <u>See</u> Fed. R. Civ. P. 5(a)(1)(B) (rule requiring service of "a pleading filed after the original complaint, unless the court orders otherwise"); Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served under this rule by: ... mailing it to the person's last known address--in which event service is complete upon mailing."). While Walker may have never seen the amended complaint, he is to blame for his failure to receive it, as he has never provided the court or plaintiffs with an updated address during the two and half years this case has been pending. Because Walker has not filed an answer to the amended complaint, which he was required to do long ago, he has "failed to plead." Fed. R. Civ. P. 55(a). <u>See</u> <u>also</u>

<u>Tara Prods.</u>, 449 F. App'x at 910 (finding no abuse of discretion in entry of default where defendant failed to respond to second amended complaint for six months).

Walker moved and did not inform the court or plaintiffs of his change of address; failed to file an answer to the amended complaint after it was properly served; and failed to respond to an order of this court to show cause as to why final judgment should not be entered against him. For these reasons, plaintiffs are entitled to entry of default against Walker.

\*\*\*

Accordingly, it is ORDERED that:

(1) Plaintiffs FHL, Inc. and Christopher Yannon's motion for entry of default (doc. no. 38) is granted.

(2) Default is entered against defendant Harry James Walker.

DONE, this the 7th day of March, 2016.

                      /s/ Myron H. Thompson  
                      **UNITED STATES DISTRICT JUDGE**