IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
FHL, INC. and CHRISTOPHER   )
YANNON,                     )
                            )
    Plaintiffs,             )
                            )     CIVIL ACTION NO.
    v.                      )      2:13cv555--MHT
                            )          (WO)
HARRY JAMES WALKER,         )
                            )
    Defendant.              )
```

OPINION

Plaintiffs FHL, Inc. ("FHL") and Christopher Yannon filed this case against defendant Harry James Walker seeking injunctive relief, a declaratory judgment, and an accounting to address Walker's alleged misappropriation of money Yannon and others invested in FHL.  Jurisdiction is proper under 28 U.S.C. § 1332 (diversity).  The court previously entered default against Walker at the request of plaintiffs.  This cause is now before the court on plaintiffs' motion for entry of default judgment, in which they seek judgment on their accounting claim in the amount of $ 100,000

for Yannon and $ 350,000 for FHL.  For the following reasons, the motion will be granted.

## I. DEFAULT-JUDGMENT STANDARD

"[A] defendant's default alone does not warrant entry of a default judgment."  Nyesa Costa Rica v. Wilson Cap. Group Holdings, LLC, No. 11-22036-CIV, 2012 WL 1492344, at *3 (S.D. Fla. Apr. 27, 2012) (Seitz, J.) (citing Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007)).  "[A] default is not 'an absolute confession by the defendant of his liability and of the plaintiff's right to recover,' but is instead merely 'an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability.'" Capitol Records v. Rita Carmichael, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007) (Steele, J.) (citations omitted).  However, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."  Nishimatsu Constr. Co., Ltd. v.

Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

A default judgment, including the specific nature and extent of the relief sought, must be adequately supported in the record. See, e.g., Boswell v. Gumbaytay, No. 2:07-CV-135-WKW, 2009 WL 1515912, at *8 (M.D. Ala. June 1, 2009) (Watkins, J.) (in entering a default judgment, the court's "core duty is 'to assure [itself] that there is a legitimate basis for any damage award it enters'") (quoting Anheuser-Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003)). "Besides the pleadings, a court may also consider evidence presented in the form of an affidavit or declaration." Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011) (Thrash, J.) (citing Antoine v. Atlas Turner, Inc., 66 F.3d 105, 111 (6th Cir. 1995) ("Use of affidavits in

---

1. See Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (holding all decisions of the former Fifth Circuit rendered prior to close of business on September 30, 1981, binding in the Eleventh Circuit).

3

granting default judgments does not violate ... due process[.]"); Super Stop No. 701, Inc. v. BP Prods. N. Am. Inc., No. 08-61389-CIV, 2009 WL 5068532, at *2 n. 4. (S.D. Fla. Dec. 17, 2009) (Cohn, J.)).

## II. FACTUAL BACKGROUND

Based on the well-pleaded factual allegations of the complaint and the affidavit submitted by Yannon in support of the motion for default judgment (doc. no. 38-1), the court finds the following facts.

Yannon and Walker each held 50 % of the shares in a company called Global First, Inc. Walker suggested to Yannon that he form a corporation in Panama to buy the Autauga Water Bottling Company, Inc., which is located in Alabama. Walker told Yannon he had contacts in Panama who would finance the purchase of the bottling company, that he had contacts in the "Trump organization" there, and that the water could be sold in Panama at a Trump Hotel there.

Following Walker's suggestion, Yannon incorporated FHL in Panama, with Yannon serving as President and

4

owning 80 % of the company's stock and Walker owning 20 % and serving as FHL's "'on site' Manager." Walker was responsible for "manag[ing] and operat[ing] [FHL's] acquisition of" the bottling company. Yannon Aff. (doc. no. 38-1) at 2-3. Global First was FHL's parent company, and registered the brand name "Atagi" as a trademark for the water-bottling company.

Walker showed Yannon the bank statements of companies Walker claimed to control, reflecting millions of dollars on deposit overseas, and encouraged him to select a few friends and family to invest in FHL. Yannon's parents, Samuel and Dorinda Yannon, loaned $ 100,000 to the company in exchange for a promissory note; three friends of Yannon loaned a total of $ 250,000 in exchange for promissory notes as well.[2] Yannon also paid $ 100,000 of his own funds into FHL.

In April 2012, FHL entered into a contract to purchase the Autauga Water Bottling Company and related

---

2. Other investments in the company were made in exchange for stock certificates, which were never issued. Plaintiffs do not seek relief with regard to these investments at this time.

property from its owner, Clifford Davis. Davis's company issued stock certificates to FHL, which were held in escrow pending satisfaction of a $ 2,000,000 note for the purchase. The contract specified that FHL would pay $ 20,000 up front, $ 4,000 per month, a lump payment of $ 1,250,000 after 12 months, and the final payment by the end of 18 months. The shareholders of FHL, Inc.--that is, Yannon and Walker--agreed that all stock and assets of FHL would be transferred to Global First and that the stock of Global First would be reissued proportionately.

However, things did not go as Yannon planned. Without Yannon's knowledge, Walker took control of FHL and refused to respond to Yannon regarding FHL's business affairs. Walker failed to pay FHL's notes and perform other obligations of the company. Walker also diverted or directed the diversion of the money Yannon and others had invested in FHL, taking it for his own purposes or those of a competitor company Walker incorporated without Yannon's knowledge. (Walker

called this company Atagi, Inc., copying the name Global First had trademarked for the bottling company.)

On September 12, 2013, an injunction was entered by the Circuit Court for Autauga County, Alabama, in favor of Davis and against FHL, requiring that FHL's trustee return all stock certificates associated with the purchase of the water-bottling facility, and this decision was upheld by the Alabama Supreme Court.

The notes FHL issued to its investors have come due, and FHL has not paid them.

Plaintiffs filed the complaint in this case against Walker and others on August 5, 2013, alleging that he had illegally usurped Yannon's authority over FHL and was refusing to respond to Yannon's requests for information about the business.[3]  The following month, after unsuccessfully attempting to serve Walker by other methods, plaintiffs had Walker personally served with a summons and copy of the complaint.  See Return

---

3. Ten days later, Walker filed articles of incorporation in Alabama for Atagi, Inc., using the name Global First had trademarked for the bottling company.

7

of Service (doc. no. 15). Walker then filed a pro se answer to the complaint, in which he generally denied all but the most minor allegations, and included his (presumably then-current) address under his signature line. Plaintiffs later filed an amended complaint, which was properly served on Walker by mailing to this address. Walker never answered the amended complaint, and has not contacted the court to provide an updated address. Mail sent to the address provided by Walker has repeatedly been returned by the post office with notations that the addressee had moved and the mail could not be forwarded or was undeliverable.

On December 16, 2015, plaintiffs filed a request that, pursuant to Rule 55(b)(1), the clerk of court enter default and a default judgment against Walker in the amount of $ 100,000 for Yannon and $ 350,000 for FHL--the amount FHL owed to its investors on promissory notes. The clerk declined to enter the default because Walker had appeared in the case. This court then construed plaintiffs' request as motions for entry of default and default judgment and ordered Walker to show

8

cause why the motions should not be granted. See Order (doc. no. 41). The deadline passed, and Walker did not respond. This court then ordered entry of default against Walker. See Opinion and Order (doc. no. 42). The court has not heard from Walker in the several months since then.

## III. DISCUSSION

In their motion for default judgment, plaintiffs seek judgment on only their claim for an accounting, not their claims for declaratory and injunctive relief. Further, they seek only a limited judgment on the accounting claim: the return of the $ 350,000 loaned to FHL by Yannon's friends and family and the $ 100,000 he put into the company. Thus, the court will determine only whether plaintiffs have established their entitlement to that limited remedy.

As an initial matter, the court finds that a hearing is not required on plaintiffs' motion for default judgment. While "[t]he court may conduct hearings ... when, to enter or effectuate judgment, it

9

needs to: ... conduct an accounting," Fed. R. Civ. P. 55(b)(2), "Rule 55 does not require that testimony be presented as a prerequisite to the entry of a default judgment...."  10A Fed. Prac. & Proc. Civ. § 2688 (3d ed. 1998 (April 2016)).  As plaintiffs have limited their request for default judgment to the amounts invested in FHL that are clearly supported in the record, and have chosen not to seek damages that would require expert evidence and complex calculations, there is no need for a hearing here.

Rule 55(b)(2) also states that a "party or its representative must be served with written notice of the application at least 7 days before the hearing." Plaintiffs' request for entry of default judgment and the court's order to show cause on the motion for entry of default and default judgment were served by mailing to Walker at his last known address months ago.  See Fed. R. Civ. P. 5(b)(2)(C) (permitting service by "mailing it to the person's last known address--in which event service is complete upon mailing").  Walker has received sufficient notice under Rule 55(b)(2).

10

Plaintiffs have shown their entitlement to a default judgment in the amount of $ 350,000 for FHL and $ 100,000 for Yannon. This is a classic case of a corporate manager violating his fiduciary duty through self-dealing. Plaintiffs have sufficiently established based on the allegations of the complaint and Yannon's affidavit that Walker had not been given actual authority and did not have implied authority to transfer the assets of FHL to himself or to a company he had incorporated for his own purposes. As manager of FHL, Walker was authorized only to manage and operate its acquisition of the bottling company; he was not authorized to take the money invested in FHL for his own purposes, or to use it for a competitor company.[4]

---

4. While "Alabama courts have held uniformly that a general manager has implied authority to take action customary or usual in a particular business," it is safe to assume that managers in the water-bottling business do not customarily appropriate corporate funds for non-corporation purposes. Richard A. Thigpen, Alabama Practice Series: Alabama Corporation Law (4th ed. 2012) § 5:43.

An appropriate judgment will be entered.

DONE, this the 9th day of June, 2016.

                               /s/ Myron H. Thompson
                          **UNITED STATES DISTRICT JUDGE**